**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **L.N., N.N., B.N., and S.N.**

**No. 20-0645** (Pleasants County 19-JA-22, 19-JA-23, 19-JA-24, and 19-JA-25)

**MEMORANDUM DECISION**

Petitioner Mother M.N., by counsel Katrina M. Christ, appeals the Circuit Court of Pleasants County's July 27, 2020, order terminating her parental and custodial rights to L.N., N.N., B.N., and S.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Jessica E. Myers, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights rather than imposing a less-restrictive dispositional alternative and in denying her post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In early 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner failed to properly supervise the children and failed to provide them suitable housing. Petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period. In May of 2019, the parties agreed that petitioner had successfully completed her post-adjudicatory improvement period and agreed to begin reunifying petitioner with the children while maintaining the case on the circuit court's docket "to ensure continued success."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's brief was filed in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

In August of 2019, the DHHR filed a second child abuse and neglect petition alleging that petitioner failed to provide the children with suitable housing. The DHHR alleged that petitioner's home was full of trash and refuse and posed a threat to the children's health and safety. The DHHR further alleged that, because petitioner was previously placed on an improvement period and provided services to remedy the deplorable condition of her home, her continued behavior demonstrated an intentional disregard for the welfare of the children. The circuit court convened for a preliminary hearing, which petitioner ultimately waived. The DHHR moved to consolidate the 2018 and 2019 proceedings, which was granted.

In November of 2019, petitioner stipulated to the allegations of abuse and neglect contained in the August of 2019 petition, and the circuit court adjudicated her as an abusing parent. Thereafter, petitioner moved for a post-dispositional improvement period, which was granted in January of 2020.[3]

The circuit court held a dispositional hearing in July of 2020. According to the DHHR, petitioner failed to participate in the services required by her post-dispositional improvement period, failed to maintain suitable housing or employment, and failed to submit to random drug screening. The circuit court found that petitioner failed to participate in the terms of her post-dispositional improvement period and that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. Additionally, the circuit court found that further delaying the children's permanency was not in their best interests. Accordingly, the circuit court terminated petitioner's parental and custodial rights. Finally, the circuit court denied petitioner post-termination visitation with the children, finding that the evidence presented failed to prove that such visitation would be in the children's best interests. The circuit court's July 27, 2020, order, memorialized this decision.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[3]It is unclear why petitioner requested a post-dispositional improvement period at this stage in the proceedings. However, the circuit court was within its discretion to grant petitioner's motion. *See* W. Va. Code § 49-4-610(3).

[4]The father voluntarily relinquished his parental rights on an earlier date. According to the parties, the permanency plan for the children is adoption in their respective foster homes with ongoing sibling visitation.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner generally argues that the circuit court erred in terminating her parental and custodial rights and in denying her post-termination visitation with the children. She cites to no specific evidence to contradict the circuit court's factual findings, nor does she cite to any legal authority, other than this Court's standard of review, in support of her argument. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . . [t]he argument must contain appropriate and specific citations to the record on appeal." Rule 10(c)(7) further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." As we have repeatedly reminded litigants, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Accordingly, petitioner's assignments of error could be disposed of without any further analysis.

Nevertheless, upon our review of the record, we find the circuit court did not err in terminating petitioner's parental and custodial rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental and custodial rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. Pursuant to West Virginia Code § 49-4-604(d)(3), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

As mentioned above, the circuit court found that petitioner failed to participate in the terms of her post-dispositional improvement period and, therefore, failed to follow through with a reasonable family case plan. The circuit court correctly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Petitioner's vague assertions of error offer nothing in contradiction of this finding.[5]

Finally,

---

[5]Although the compilation of the appendix was within petitioner's control, she only included the child abuse and neglect petition, the circuit court's orders, the DHHR's court summaries and accompanying exhibits, and the guardian ad litem's report. Upon a thorough review of these documents, none of the documents provided contradict the circuit court's findings below.

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Finding no error in the circuit court's findings of fact from the record presented, we conclude that the circuit court correctly terminated petitioner's parental rights rather than imposing a less-restrictive dispositional alternative, such as petitioner's requested relief of an extension of her improvement period or termination of her custodial rights only.

Similarly, petitioner's argument that the circuit court erred in denying her post-termination visitation with the children also fails. For the circuit court to grant post-termination visitation, "[t]he evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (quoting syl. pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)). The circuit court found that evidence presented failed to show that continued contact between petitioner and the children would be in their best interest, and nothing in the record provided contradicts this finding. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 27, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton